ANNA E. METZ, Administratrix, etc., Appellant, v. THE BUFFALO, CORRY AND PITTSBURGH RAILROAD COMPANY, Respondent.

A special receiver or assignee of the property of a railroad corporation, appointed in bankruptcy proceedings, involuntary on its part, is not an agent or servant of the corporation, and it is not liable for damages occasioned by his negligence.

*It seems* that, upon a sale by an assignee in bankruptcy of the tracks, fixtures, rolling stock and franchises of a railroad corporation, the corporation, as a legal entity, does not vest in the purchasers, and they do

not become stockholders or corporators therein. Nor are the pur-
chasers liable for damages resulting from negligence of those operating
the road, intermediate the time of sale and the confirmation thereof by
the court.

*The Commonwealth* v. *The C. P. R.* (52 Penn., 506) distinguished.

(Argued May 28, 1874; decided June 9, 1874.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department, reversing a judg-
ment in favor of plaintiff entered on a verdict and granting
a new trial.

This was an action to recover damages for the negligent
killing of the plaintiff's intestate, Charles F. Metz, while he
was a passenger on the Buffalo, Corry and Pittsburgh railroad,
built and formerly operated by defendant, at or near Pros-
pect station, on the 24th day of December, 1872.

The defendant admitted that the death of deceased occurred
in consequence of the gross negligence of those operating
the road.

The defendant proved that, in bankruptcy proceedings
commenced against it against its will, it was adjudicated
a bankrupt July 19th, 1872, and Ashbel H. Barney was
then appointed special receiver of its property and fran-
chises, with power and direction to run the road; that Barney
qualified as receiver and took possession of and run the road;
that, on October 22d, 1872, Barney was appointed assignee
and continued to run the road till December 7th, 1872; that
an order of sale of the defendant's road and all defendant's
property and franchises was made November 19th, 1872, and
they were all sold December 7th, 1872, at Mayville, to holders
of the first mortgage bonds given by the defendant, secured
by mortgages on all defendant's stock, property and fran-
chises; that said sale was duly confirmed January 22d, 1873,
and a deed executed and delivered in accordance therewith.
H. H. Potter was superintendent before the bankruptcy and
was reappointed by Barney, and acted as such till January
1st, 1873.   After the accident William Phillips, of Pittsburgh,
took possession of defendant's road and is now operating it

and claims to be the owner of it. Neither the president nor the board of directors of the defendant, nor any person under their orders, had any control of the operation or management of the road after July 19th, 1872.

*Benj. H. Austin, Jr.*, for the appellant. Defendant exists as a corporation and can be sued as such. (Laws 1864, chap. 422, p. 1006; *Stone* v. *W. Tr. Co.*, 38 N. Y., 240–242; *Mickles* v. *Roch. City Bk.*, 11 Paige, 118; *People* v. *Prest. Man. Co.*, 9 Wend., 351–382; *Towar* v. *Hale*, 46 Barb., 361; *Gilman* v. *G. P. Sugar Co.*, 4 Lans., 482, 484; *People* v. *A. and Vt. R. R. Co.*, 24 N. Y., 261; *Willitts* v. *Waite*, 25 id., 577–582; Laws 1832, chap. 295; 3 Edm. Stat. at Large, 674; *N. Y. M. Iron Wks.* v. *Smith*, 4 Duer, 365–379; *Talmadge* v. *Pell*, 6 Paige, 410–414.) A corporation cannot delegate functions given it by the legislature without express legislative sanction. (*Beman* v. *Rufford*, 6 E. L. and Eq., 106–110; *Winch* v. *B., etc., R. R. Co.*, 13 id., 506–517; *S. Y. R. and R. D. Co.* v. *G. N. R. Co.*, 19 id., 513–518; *T. and R. R. R. Co.* v. *Kerr*, 17 Barb., 581, 601; *Adams* v. *B., H. and E. R. R. Co.*, 5 Nat. B. Reg., 250; 2 R. S., 463; Laws 1850, chap. 140, § 28, sub. 10; Laws 1857, chap. 444, § 1; *Seymour* v. *C. and N. F. R. R. Co.*, 25 Barb., 308.) The statute in bankruptcy supersedes all State statutes inconsistent with it as to the manner of disposal and sale of the bankrupt's property. (*Sinnot* v. *Davenport*, 22 How. [U. S.], 227; *Briggs* v. *Comm. of Penn.*, 16 Pet., 617; *Houston* v. *Moore*, 5 Wheat., 1, 21, 22; *In re Kirk*, 1 Park. Cr., 77, 88; *Gibbons* v. *Ogden*, 9 Wheat., 1; *Passenger cases*, 7 How. [U. S.], 394–399; *Cooley* v. *Wardens Phil.*, 2 id., 299.) When the assignee qualified he became the owner of all the franchises and property of the defendant. (Bankr. Act, § 14; *McLaren* v. *Hart. F. Ins. Co.*, 5 N. Y., 151; *Adams* v. *B., H. and E. R. R. Co.*, 4 Nat. B. Reg., 101.) It was not the absolute duty of the assignee to run the road. (*Jackson* v. *De Forest*, 14 How., 81–83; *Smith* v. *N. Y. C. S. Co.*, 28 id., 377; *Dayton* v. *Wilkes*, 17 id., 510–512; *Crane* v. *Ford*, Hopk., 114;

*Martin* v. *Van Schaick*, 4 Paige, 479, 480.) Bankruptcy did not dissolve the corporation. (1 R. S., [marg. page] 600, § 1, subs. 1, 2.) Until dissolved by judgment of the court, defendant remains intact as a corporation, and in case of injury to any one, by the exercise of its franchises as such, it is the party to be sued. (*King* v. *Emory*, 2 T. R., 515–536; *King* v. *Passmore*, 3 id., 190, 244; *Sus. Canal Co.* v. *Borhan*, 9 W. & S., 27; *W. and T. Plank-road* v. *Griffin*, 57 Penn., 417.)

*Franklin D. Locke* for the respondent.

GROVER, J. The question in this case is whether the defendant was liable for the injury sought to be redressed in the action. It was not so unless the positions of the plaintiff's counsel can be sustained. These are that Barney, while operating the road, after his appointment as special receiver by the court, in the bankruptcy proceedings against the defendant, and while operating the same as assignee in bankruptcy, was acting as the agent and servant of the defendant. If he was so acting, it follows that the defendant was responsible to passengers for injuries received through his negligence and the negligence of those employed by him in operating the road.

The counsel further insists that, as the injury was received by the intestate after the sale of the road, fixtures, etc., by the assignee in bankruptcy, that the purchasers at such sale acquired, in addition to the property purchased, all the franchises before possessed by the defendant, and also the legal entity of the corporation, so that this entity was by the sale and purchase transferred to the purchasers, who thereby became the corporators constituting the corporation; such purchasers taking the place of the former stockholders therein. Should this last position be sustained, I do not see how it would aid the plaintiffs. Although the sale took place prior to the happening of the injury, it was made subject to confirmation by the court; and this was not obtained and the property was not conveyed to the purchasers until some time thereafter.

It is insisted by the counsel that the deed, when given, related back to the time of the purchase. Conceding this to be so, it does not follow that they were responsible for the negligence of those operating the road. Before the confirmation of the sale and conveyance of the property, the purchasers had no right to intermeddle with the road or any of the property purchased; and there was no evidence that they in fact did so. Those operating the road were not employed by them, were not subject in any respect to their control, were not their employes or servants, and, consequently, they were not responsible for their negligence. But I think that the purchasers did not, by the purchase, take the place of the pre-existing stockholders of the defendant, and thereby become its corporators, acquiring the corporate entity. True, they acquire the railroad tracks, fixtures, rolling stock, etc., together with the right or franchise of using it for the same purposes that the defendant was authorized to use it, subject to the same duties to the public as the defendant had been.

The counsel cites *The Commonwealth* v. *Central Passenger Railway* (52 Penn., 506), as showing that the purchasers acquired and became the corporators by the purchase. An examination of this case shows that it was decided wholly upon a statute of that State, passed in 1861, and another in 1863. *Wellsborough, etc., Plank-road* v. *Griffin* (57 Penn., 417) was a case where the purchase was made before the passage of the act of 1861, and the court held that the purchasers did not become a corporation.

The counsel cites chapter 444 of the Laws of 1857 and subsequent acts amending the same as sustaining his position. By these, power is conferred upon railroad corporations to borrow money, and mortgage their road, franchises, etc., to secure its repayment; and provision is made for the sale of the property, franchises, etc., in case of default in payment, and for enabling the purchasers, and others that they may associate with them, to organize a new corporation; but there is nothing in any of the provisions showing that the pur-

chasers became stockholders in the existing corporation, or that that is transferred to and became vested in them. Indeed, were this so, the property purchased would be liable to all the existing debts of the corporation ; and thus the mortgage security and the rights of the purchaser might be entirely defeated. I think it clear that the corporation did not vest in the purchasers, and that they did not become stockholders or corporators in the pre-existing corporation.

In reference to the position that the receiver and assignee was the agent and servant of the defendant, which were therefore liable for his acts, it must be borne in mind that the defendant was not a voluntary bankrupt. The appointment of Barney as receiver was by the court, against its will. It had nothing to do with his appointment, or any control over his employes. Upon what principle can the defendant be held responsible for their negligence? A master or employer is held liable for the negligence of those in his service for the reason that it is his duty to enforce the observance of care by them. He is held liable to those injured by the failure by him to perform this duty. But this has no application to the present case. Here the defendant, by the act of the law, has been deprived of the possession of the road and of all control over those engaged in operating it ; and by like act, the possession and control has been given to others. The defendant had not, thereafter, anything to do with operating the road. True, if profits were earned thereby, they would inure to the benefit of the defendant by becoming assets for the payment of debts. But this did not make it liable for the conduct of those in no sense its employes or servants. The employes must look to those who employed them for compensation ; and those who contracted with the receiver or assignee must also look to him. He was liable for the breach of contracts made by him, and for injuries sustained by his negligence or that of his employes in their performance. (*Rogers* v. *Wheeler*, 43 N. Y., 598.)

Whether the court would have permitted its officer to be

prosecuted at law for the injury, or would itself have afforded the proper redress and protected him, by injunction, against suits in other courts, is a question not involved in the case.

Whether the surrogate of Erie county had jurisdiction to grant letters of administration of the goods, etc., of the intestate, depends upon the question whether, at the time of his death, he was an inhabitant of that county or of the State of Pennsylvania. If the former, the surrogate of that county had such jurisdiction. If the latter, he had not. (2 Statutes at Large, 75, §§ 23, 24.) Upon this point the evidence was not entirely clear; and I am not prepared to say that the trial judge erred in his ruling in respect to it, although the judgment was reversed and a new trial ordered by the General Term, yet no opinion was given. The trial court would have had no knowledge of the views of that court as to the law governing the case, and might have been much embarrassed in consequence.

The order appealed from must be affirmed, and judgment absolute given against the plaintiff upon the stipulation.

All concur.

Order affirmed, and judgment accordingly.