JOHN V. FARWELL COMPANY v. W. C. LYKINS.

No. 10448.

RES JUDICATA—*though special findings against notes are silent as to account constituting their consideration and sued on therewith, judgment for defendant for costs bars subsequent action on account.* Where the original petition and an amendment made thereto, construed together, set out a claim of indebtedness upon an itemized account and also upon promissory notes given for such account, and the court trying the case without a jury specially finds in defendant's favor as to liability upon the notes, but makes no special finding as to liability on the account, and renders a general judgment for costs in defendant's favor, such judgment will be held to be inclusive of the issues as to the indebtedness upon the account and to bar an action subsequently begun to recover thereon. [Doster, C. J., dissenting.]

Error from Cherokee District Court. J. D. McCue, Judge. Opinion filed February 5, 1898. *Affirmed.*

*W. H. and C. G. Hornor*, for plaintiff in error.

*E. M. Tracewell*, for defendant in error.

DOSTER, C. J. This was a suit upon an account for goods sold, brought by the plaintiff in error against the defendant in error, to which the defense of former adjudication was interposed. Lykins, Adler and Westenberger were partners in the mercantile business and became indebted to Farwell & Company for goods purchased. They dissolved partnership, under an agreement that Lykins should retire from the firm, and that the others should assume the payment of the partnership debts and should continue the business under the name of Adler & Company. The account in question was then due, and in settlement of it, and in extension of the time of its payment, notes were taken, signed, Lykins, Adler & Company, but executed by Adler alone. Of this extension of time and giving of notes Lykins was un-

aware, and to it he never assented. Farwell &
Company were, however, aware of the dissolution
of the firm. Some question is raised as to whether
it was agreed that these notes should be taken
in payment of the account or otherwise, but it is
not claimed that any agreement was made releas-
ing Lykins from liability on the original account,
other than what was implied from the act of merging
it into the notes. Suit upon the notes was thereafter
brought by Farwell & Company against Lykins. To
this suit he answered, first, by a general denial, and
for a second defense alleged that his firm had been
dissolved, to the plaintiff's knowledge, before the
notes were given, and that he neither signed the notes
nor authorized their execution in his name. The
plaintiffs thereafter filed an amendment to their peti-
tion, setting forth a statement of the original account
and alleging that "said notes were given in settle-
ment of said account, which account has never been
paid by defendants and is still due." This amend-
ment concluded with a prayer for judgment "as set
forth in the original petition." No answer was filed
to this amendment of the petition. The general
denial contained in the answer already filed, as we
may infer, was treated as a denial of the allegations
of the amendment. The case was tried to the court,
which made findings and rendered judgment as fol-
lows :

"1. That at the time of the execution and delivery
of the notes sued on herein, the firm of Lykins, Adler
& Co. had been dissolved.

"2. That the plaintiff at the time of accepting said
notes had notice that the said firm of Lykins, Adler
& Co. had before that time been dissolved.

"3. That W. C. Lykins did not sign, or authorize
any person for him to sign, the firm name of Lykins,
Adler & Co. to said notes, and that said notes were

signed and executed by one Joseph Adler without the knowledge or consent of said W. C. Lykins.

"4. That the said W. C. Lykins, defendant herein, is not bound by said notes.

"Wherefore, it is ordered and adjudged by the court that the defendant W. C. Lykins be, and is hereby, absolved from the payment of said notes or any part thereof; and that the said W. C. Lykins recover his costs against the said plaintiff, herein expended, and taxed at $———.''

Suit was thereafter brought against Lykins directly upon the original account, to which the matters above stated were pleaded in defense. A trial to the court was had, and judgment rendered for defendant, from which judgment error is prosecuted to this court.

The general rule is that upon the dissolution of a partnership the mutual agency of the partners to contract in reference to the partnership business ceases; therefore, the note given by Adler, one of the partners, in settlement of the debt to Farwell & Company, they having knowledge of the dissolution of the firm, was not binding upon Lykins, he not having assented thereto. Doubtless it was the recognition of this principle of law which moved the plaintiffs in the former suit to amend their petition upon the notes by pleading the consideration for which they were given, and by setting out the items of the original account and alleging that they remained due and unpaid. The purpose was to recover upon the account, if the defense of non-execution of the notes should prevail. The fact that there was a good consideration for the giving of the notes, would be no sufficient answer to the objection that they were in fact not given; hence, to guard against the contingencies of the defendant's proof, and to recover upon the debt itself if the claim of recovery upon the notes as evidence of such debt should fail, the amendment in question was made.

The fact that the prayer for judgment was the same as in the original petition does not justify the plaintiffs in disavowing the evident purpose of their amendment. The prayer for judgment is no part of the statement of a cause of action or ground of defense ; and while it may be looked to as an aid to the construction of doubtful or ambiguous pleadings, it cannot force upon the pleadings a meaning totally different from that which the narration of the facts logically implies. The making of this amendment, therefore, involved in the issues of the former action not only the execution of the notes but also the existence of the account — the claimed consideration for the notes. Had the court trying such action made no special findings, but found generally in favor of the defendant and against the plaintiffs, no possible question could arise as to the effect of such general finding. It would be *res judicata*. Is it any the less so because the court omitted to find specially as to the indebtedness upon the account, but found specially as to non-indebtedness upon the notes, and then terminated its conclusions with a general judgment for costs in defendant's favor? A court trying a case is not required to make special findings unless requested to do so by one of the parties. Gen. Stat. 1897, Civil Code, § 300. However, a court may, of its own motion, in addition to its general judgment, find specially upon all the issues or upon a part of them ; and the fact that in such case the court failed to find specially upon some of the issues but not upon all of them, does not imply that it gave them no consideration and meant to render no judgment upon them. Therefore, in a case tried by the court, when findings are not made upon all or some of the issues, it must be presumed that a request therefor was not preferred, because it will be presumed that the court

would obey the law, and make findings if requested to do so. In such case it must also be presumed that the court adjudged all the issuable facts in favor of the prevailing party, although specially finding only as to a part of them, else the general judgment would not have been rendered.

It is to be observed, however, that the court did not render a general judgment for defendant, but rendered a judgment for costs in his favor, only, and the difficult question is, whether a judgment for costs merely, is to be treated as a final determination of all the issues of the case. Upon this, which is really the meritorious question, we have not been aided by argument or brief of counsel to any extent. The authorities, so far as they have been collated in the text-books, are to the effect that a judgment for costs merely, is interlocutory and not final. Black on Judgments, § 31; Freeman on Judgments, (3d ed.) § 12, *et seq*.; *Lisle v. Rhea*, 9 Mo. 172; *Scott v. Burton*, 6 Tex. 322; *Dusing v. Nelson*, 7 Col. 184, 2 Pac. 922. The courts of Missouri and Texas have repeatedly affirmed the rulings first made by them and above cited, and in fact we are aware of no directly opposing authorities. The ground of these decisions is that the record of final adjudication, if for defendant, as in this case, should include an order "that plaintiff take nothing by his suit," or "that defendant go hence without day," or the like, failing to do which, it does not appear with certainty that the issues in controversy have been finally determined; that costs are but incident to judgments, and that the allowance of the relief mainly prayed for is not to be inferred from the allowance of the incident. We are unable to appreciate the force of this reasoning, and are constrained to take an opposing view. Under our statute, costs are allowed as matter of right to the

prevailing party in actions for the recovery of money ; but a final judgment for costs cannot be rendered until the final determination of the suit. The costs of motions and other interlocutory proceedings may be adjudged as the case progresses; and to either party, in the sound discretion of the court ; but such costs as depend upon the final determination of the main controversy can only be taxed upon such determination, and then only against the losing party. That which is necessarily implied from a record is as much within the record as the written matter entered upon the judgment roll. Such being the case, a judgment for costs, rendered upon the close of the trial, becomes conclusive of the fact that the case has been finally tried and judgment finally rendered upon the issues involved. If such were not true the judgment for costs could not have been rendered. A judgment upon the merits of a case for the recovery of money and a judgment for costs in such case stand in the relation of cause and effect. The effect, *i. e.*, the judgment for costs, can be attributed to no possible cause other than a judgment upon the issues of the case. In *Burlen v. Shannon*, 99 Mass. 203, it was said :

" It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is undisputable and could have been drawn only from certain premises the premises are equally indisputable with the conclusion. But such an inference must be inevitable, or it cannot be drawn. These we understand to be limitations of the rule according to all the well considered authorities, ancient and modern."

An order contained in a judgment " that plaintiff take nothing by his suit," looked at in the light of its own precise terms and nothing more, is not conclusive of the question of final adjudication ; for aught which such language discloses the plaintiff's suit was

abated—not tried. An allowance to defendant to "go hence without day," does not imply, *ex vi termini*, that he may not have to return some other day, only that the day for his return, if any, is not fixed. Yet, according to the decisions above noted, either of these orders, if incorporated with the judgment for costs, would be conclusive evidence of a final adjudication. We do not assent to this view.

To recapitulate the facts of the former action between the plaintiff and defendant in error, and apply the principle herein adverted to, the pleading in such action presented the issue of indebtedness both upon the notes and upon the account. Special findings were made in defendant's favor as to the indebtedness upon the notes, but no findings were made as to the indebtedness upon the account, other than a general finding or judgment for costs in defendant's favor. This will be held inclusive of the issue as to indebtedness upon the account and to be a bar to this action subsequently begun for the recovery of the same indebtedness.

The above views are those of my associates, not my own. I do not concur in them. To begin, it is very doubtful in my mind whether the original petition and the amendment to it, should be construed as demanding recovery in the alternative upon the account or the notes. Such method of stating a case would have been adjudged faulty if objected to, and we are hardly justified in assuming that counsel intended to violate an elementary rule of pleading and make his claim in the alternative. The amendment setting out the account, while containing much of unnecessary detail, would seem to be nothing more than a recital of the consideration for the giving of the notes. In no fair view, can one who merely sets out the consideration for the debt upon which he sues, be said to

demand judgment upon such consideration as an original obligation.

But my chief dissent is from the view of the judgment as *res judicata*. I think that the conclusion that such judgment evidences a thing decided has been reached through a violation of the settled rule that estoppels must be certain and not argumentative. An estoppel must appear by the very terms of the record, and not be evolved out of it by processes of reasoning. I do not lay the stress of my dissent entirely upon the fact that the judgment was for costs only, although the decisions of the courts of Colorado, Missouri, and Texas seem to me to be sound. I draw my conclusions chiefly from the fact that the record is an utter blank as to the disposition made of the claim for recovery upon the account, assuming that by a fair construction of the pleadings such claim was made. I think the rule that judgments are conclusive upon everything that was within the issues of the case applies only where the terms of the judgment are broad enough to cover all the issues as made by the pleadings, and this I believe to be the rule of all the decisions. In many cases where the record is incomplete or ambiguous, extrinsic evidence is resorted to for the purpose of proving what matters are actually litigated; but in this case no evidence was offered tending to show that the issues as to the indebtedness upon the account had been tried and determined. The general rule of estoppels by judgment is well stated in *Russel v. Place*, (94 U. S. 606.) It was there said :

" If, upon the face of a record, anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence.

"A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is con-

clusive as to that question in another suit between the
same parties ; but to this operation of the judgment
it must appear, either upon the face of the record or
be shown by extrinsic evidence, that the precise ques-
tion was raised and determined in the former suit.
If there be any uncertainty on this head in the record,
the whole subject-matter of the action will be at large
and open to a new contention, unless this uncertainty
be removed by extrinsic evidence showing the precise
point involved and determined.    To apply the judg-
ment and give effect to the adjudication usually made,
when the record leaves the matter in doubt, such evi-
dence is admissible.''

A case which, to my mind, is precisely in point is
*Steam-Gauge & Lantern Co. v. Meyrose*, 27 Fed. 213.   In
that case it appeared that a bill in equity for an in-
fringement of a patent had been dismissed upon the
merits.    A subsequent action for the same cause was
begun.    To this a plea of former adjudication was filed.
The plea was held unavailing, because it did not ap-
pear by the record in the former case that the decision
was upon the validity of the patent, or upon the ques-
tion whether the defendants were guilty of infringing
it.    In this case, the amendment to the petition, set-
ting up the account, alleged it to be due and unpaid.
The judgment was against the defendant for costs only.
Two issues were involved under this amended petition :
*First*, Did the defendant owe the account ?  *Second*,
Was the account due ?   Which of these issues did the
court find for defendant?   Perchance it found that the
defendant owed the account but that it was not then
due, in which event he was only entitled to an abate-
ment of the suit, and the plaintiffs were entitled to a
new action thereafter.

However, the view of the majority of the court be-
ing opposed to that entertained by myself, the judg-
ment of the court below is affirmed.

ALLEN, J. (concurring.) The views of the majority of the court are very clearly and satisfactorily stated in the opinion written by the Chief Justice. I desire only to call attention to the following authorities, which seem to me to amply support the decision in this case: *Dunham v. Bower*, 77 N. Y. 76; 33 Am. Reports 570; *Durant v. Essex Co.*, 8 Allen 103; 85 Am. Dec. 685; *Blair v. Bartlett*, 75 N. Y. 150; *Cleveland v. Creviston*, 93 Ind. 31; *Tidwell v. Witherspoon*, 21 Fla. 359; 58 Am. Reports 665; *Brown v. Kirkbride*, 19 Kan. 588; *Seckler v. Delfs*, 25 id. 159; *Bierer v. Fretz*, 37 id. 27; *Comm'rs of Marion Co. v. Welch*, 40 id. 767; *C. K. & W. R. R. Co. v. Comm'rs of Anderson Co.*, 47 id. 766; *Roe v. Roe*, 52 id. 724; *Pennell v. Felch*, 55 id. 78.