Johnston, Cunningham, Ellis, JJ., concurring.

---

The St. Louis & San Francisco Railway Company *et al.* v. Ulysses Bricker.

No. 12,481.   (69 Pac. 328.)

SYLLABUS BY THE COURT.

1. Railroads—*Injury to Employee—Measure of Damages.* In an action to recover damages for personal injuries, loss of ability to earn a livelihood and permanent injuries constitute one item of damages. Where, however, the defendants in such action, in their special questions submitted to the jury, divide such item

and ask the jury, (1) "If you find for the plaintiff, how much do you allow him for the loss of ability to earn a livelihood?" (2) "If you find for the plaintiff, how much do you allow for permanent injuries, exclusive of the amount, if any, allowed for loss of ability to earn a livelihood?" and the jury, in response to such questions, state a given amount for each, they cannot thereafter be heard to say that, because the item was thus divided, the amount allowed in answer to one of such questions includes all the plaintiff was entitled to as damages for personal injuries, and loss of ability to earn a livelihood, and that the amount allowed in answer to the other question is excessive.

2. ———— *Injury to Employee—Receivers.* Where the property of a railway corporation is in the exclusive possession of receivers, who are operating the road, the corporation is not liable in an action for personal injuries sustained by an employee of such receivers.

3. ———— *Action against Company and Receivers—Practice.* If an action is prosecuted jointly against a railway corporation in the hands of receivers, and the receivers, to recover damages for personal injuries sustained by an employee, and it shall be determined that the receivers were in the exclusive possession of and operating the road at the time of the injuries and that the corporation is not liable therefor, the action may be dismissed as to the corporation, or the judgment against the corporation set aside, without prejudice to the right of the plaintiff to have judgment against the receivers.

Error from Sumner district court; W. T. McBride, judge. Opinion filed July 5, 1902. Modified and affirmed.

*J. W. Gleed, John L. Hunt, D. E. Palmer,* and *Gleed, Ware & Gleed,* for plaintiffs in error.

*J. D. Houston,* and *C. R. Mitchell,* for defendant in error.

The opinion of the court was delivered by

Greene, J.: Ulysses Bricker sued the St. Louis & San Francisco Railway Company and Aldace F. Walker and John J. McCook, as receivers of said company, to recover damages for injuries which he

claimed to have sustained by reason of the negligence of the employees of said company and its receivers.

At the time of his injuries, plaintiff belonged to a bridge gang working under a foreman named Bowersock, repairing and reconstructing a pile bridge on a line of defendant's railroad in Ellsworth county.   The bridge was situated in a southwesterly and northeasterly direction over a stream and was about thirty-two feet long.   Immediately before the plaintiff received his injuries, he was under the northeast end of the bridge, removing the nuts from the blocks which held two of the stringers of the old bridge.   The bottom of the stringer was about fourteen inches from the ground at the place where he was working.   While he was thus engaged, the workmen on top of the bridge rolled a push-car loaded with timbers on to the southwest end of the bridge and threw one of the timbers off at that end on the north side.   Bowersock, the foreman, was standing on the bridge directly over where plaintiff was working.   The push-car was then rolled to the northeast end of the bridge, for the purpose of throwing another timber off at that end.   Immediately preceding or as the men were in the act of throwing this latter timber, Bowersock called to plaintiff to "look out" or "get out."   The plaintiff, hearing this call, undertook to get out from under the bridge, and as he did so was caught by the falling timber, which crushed his leg and caused the injuries of which complaint is made.

It is alleged that plaintiff's injuries were caused by the negligent acts of defendant's employees, especially of Bowersock, in directing the plaintiff to work at the time and place where the injuries occurred; in failing to instruct him of the hazard of the situation; in negligently failing to look out for his safety and to

use ordinary precaution for his protection from impending danger ; in failing to inform the other workmen of the position of plaintiff under the bridge ; and in negligently failing to notify plaintiff in time to escape the danger which might result to him from throwing the timber.

The first contention on the part of plaintiffs in error is that Bricker was guilty of contributory negligence ; that he would have been in a place of absolute safety had he remained at his place under the bridge ; and that his negligence consisted in leaving a place of safety and unnecessarily putting himself in the way of the falling timber. It was not denied by the plaintiff that the timber could not have fallen on him had he remained under the bridge. There is considerable undisputed evidence in the record, however, that the falling timber was not the only danger against which he had to guard. There is evidence that in constructing and repairing bridges there are constantly in use many tools, such as adzes, mauls, and packing rings, which are generally kept on top of the bridge, and the throwing of timbers will, or is likely to, jar these tools off the bridge, and there is danger of their falling on the workmen beneath.

The evidence also fairly established the fact that Bowersock, the foreman, had instructed his men never to throw a timber from a bridge while men were under it at the point from which the timber was to be thrown. This was to guard against injury resulting from the falling of these tools. The evidence was that it was the universal custom of that gang not to throw a timber while workmen were under the bridge. This instruction and custom were known to the plaintiff, and he testified that he relied and acted upon them in this instance, and that, when Bowersock called to him to

"look out," or "get out," he understood that Bower-sock intended he should come out from under the bridge, and that the men would not throw the timber until he had time to do so. He also testified that he did not get from under the bridge because of any danger from the timber, but because the jar which the bridge would receive from the falling timber would probably dislodge the tools on the bridge, and he would thus get hurt. This testimony went to the jury uncontradicted.

Another alleged error is the exclusion of certain testimony offered by the plaintiffs in error on an application to require the plaintiff to give security for costs. Upon an examination of this evidence, it must be held that the court committed no error in this respect.

At the trial the defendant submitted to the jury the following special interrogatories :

"No. 52.  If you find for the plaintiff, how much do you allow him for the loss of ability to earn a livelihood?   Ans.  $3000.

"No. 53.  If you find for the plaintiff, how much do you allow for the permanent injuries, exclusive of the amount, if any, allowed for the loss of ability to earn a livelihood?   Ans.  $3000."

It is contended by plaintiff in error that, the jury having allowed the plaintiff $3000 for permanent injuries, which generally includes the loss of ability to earn a livelihood, the $3000 allowed for loss of ability to earn a livelihood is excessive. We think it true that generally an allowance for permanent injuries includes loss of ability to earn a livelihood, but in this instance the plaintiffs in error requested the jury to divide this item into two parts, and unless the court can say that the aggregate amount is excessive, the plaintiffs in error have no cause to complain.

Another contention is made that the award of $2000

for loss of time is grossly excessive. It was more than five years from the date of the injuries to the time of the trial. The plaintiff was earning $1.75 a day when injured. The jury, after hearing the evidence and seeing the plaintiff, were the judges as to what extent his injuries disabled him, what he could probably have earned in his disabled condition, and what he would probably have earned during this time had he not been injured. The finding was approved by the trial court, whose opportunities to arrive at a reasonably correct conclusion were equal to those of the jury. In view of these facts, this court cannot say that the award is excessive.

A contention is made by the corporation that in no event is it liable. It appears that at the time the plaintiff received his injuries, and for some time prior thereto, all the property of the corporation was in the hands of, and the road was being operated by, Aldace F. Walker and John J. McCook, as receivers. The principle of *respondeat superior* has no application. The receivers were the officers of the court and not the agents of the corporation, and the corporation is not, therefore, liable for the acts of the receivers or the acts of their employees. (*M. K. & T. Ry. Co. v. McFadden Bros.*, 89 Tex. 138, 33 S. W. 853; *Metz v. Buffalo, Corry & P. R. R. Co.*, 58 N. Y. 61, 17 Am. Rep. 201; *The Ohio and Mississippi Railroad Company v. Davis*, 23 Ind. 553, 85 Am. Dec. 477; *Gableman v. Peoria, D. & E. Ry. Co.*, 82 Fed. 790; *Warax v. Cincinnati, N. O. & T. P. Ry. Co.*, 72 id. 637; *Memphis & C. R. Co. v. Hoechner*, 67 id. 456, 14 C. C. A. 469; *Railway Co. v. Smith*, 59 Kan. 80, 52 Pac. 102.)

Again, the liability of a railroad company for injuries sustained by an employee is one created by the statute. Section 5858, General Statutes of 1901, reads:

"Every railroad company organized or doing busi-

ness in this state shall be liable for all damages done to any employee of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employees to any person sustaining such damage.''

. It will be observed that the damages for which the corporation is made liable must arise in consequence of some negligence of the agents of the corporation, or mismanagement of its engineers or other employees. The plaintiff, when injured, was not an employee of the corporation and his injuries are not the result of the negligent act of any agent of the corporation or of the mismanagement of any engineer or employee of the corporation.

It is argued by the receivers and the corporation that because they were sued jointly and a joint judgment taken against both, if it should be held that the corporation is not liable, the judgment cannot stand as to either.   This contention cannot be sustained. This court has expressed itself upon this question in *Railway Co. v. Smith*, 59 Kan. 80, 52 Pac. 102.   With the rule there stated we heartily agree.

The judgment of the court below is modified and set aside as to the corporation, and affirmed as to the receivers.   The costs in this court are equally divided.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.