In re SEABOARD AIR LINE RY.

In re BOATWRIGHT.

(Circuit Court, N. D. Florida. January 5, 1909.)

1. RECEIVERS (§ 164*)—LEAVE TO SUE.
  Where an action for wrongful death of a servant accrued against a railroad company prior to the appointment of receivers for it, an action against the railroad company after the appointment of the receivers could be brought in any court of competent jurisdiction, without leave to sue the receivers.

  [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 164.*

  Actions by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.]

2. RECEIVERS (§ 179*)—ACTIONS—SERVICE.

Where an action is brought against a railroad company on a cause accruing prior to the appointment of receivers, process may be served on any local agent of the receivers, and they will appear and defend.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 179.*]

3. RECEIVERS (§ 149*)—JUDGMENT—CERTIFICATION—PAYMENT.

Where an action is brought against a railroad company for wrongful death accruing prior to the appointment of receivers, any judgment obtained should be certified to the court having jurisdiction of the receivership proceedings for payment.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 149.*]

Petition for leave to sue. This was an ex parte action, filed at Atlanta by Perry L. Boatwright, as administrator of the estate of Laurie L. Boatwright, who was killed by alleged defective apparatus of the Seaboard Air Line Railway before the Seaboard went into the hands of receivers. The application was in the nature of petition for permission to sue the Seaboard Air Line Railway, and was heard at New Orleans on the following petition:

To the Honorable Circuit Judges of the Fifth Circuit of the United States:

Perry L. Boatwright, a citizen and resident of the Northern district of Florida, respectfully represents unto your honors that he was the father of Laurie L. Boatwright, who was an employé of the Seaboard Air Line Railway on December 4, A. D. 1907, and occupied the position of fireman on a local freight train running betwen Fernandina and Lake City, Florida, and that as such fireman it was his duty, under the instructions and direction of the engineer in charge, to remove the cinders and ashes and otherwise clean the fire box of the locomotive engine upon which he was employed; that on said date the engine upon which he was employed was standing at a station on the line of the Seaboard Air Line Railway, called Yulee, in Nassau county, and the said Laurie L. Boatwright was instructed and directed by the engineer to go under the engine and clean the ashes and cinders from the forward fire box of said engine; that the engineer and the said Laurie L. Boatwright went underneath said engine, the said Boatwright going to the forward fire box and the engineer to the rear fire box, for the purpose of removing the ashes and cinders from the said fire box; that the said Laurie L. Boatwright finished his duties in the matter above mentioned and was returning from under the said engine, and in doing so it became necessary for him to pass over the iron rail of the said railroad track between the wheels of the said engine; and that, while the body of the said Boatwright was between the wheels of the engine and over the iron rail of the track, the air brakes, which your petitioner alleges were defective, and which were unknown to the said Boatwright, suddenly and without warning gave way and were released, jerking the engine backward, so that the wheels of the engine ran upon and crushed the body of the said Boatwright, producing internal injuries from which the said Boatwright died.

Your petitioner alleges that, if it had not been for the defective air brakes provided by the Seaboard Air Line Railway for said train, the accident would not have occurred, and that the Seaboard Air Line Railway was guilty of carelessness and negligence in the matter of failing to equip said engine and train with air brakes, apparatus, and machinery of sufficient strength and safety; that under the laws of the state of Florida, whenever the death of any person in said state is caused by the wrongful act, negligence, carelessness, or default of any corporation, or the wrongful act, carelessness, negligence, or default of any agent of any corporation, acting in his capacity as agent of said corporation, and said act of negligence and carelessness or default is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action for damages in respect thereof, then and in every such case the person or persons who, or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

corporation which, would have been liable in damages if death had not ensued, shall be liable to an action for damages, notwithstanding death shall have been caused under circumstances as would make it in law amount to a felony. Section 3145, Gen. St. 1906.

Your petitioner further shows that the said Laurie L. Boatwright was 21 years of age when he was killed; that he was unmarried and left no children surviving him; that under the laws of Florida in such cases' the action against the railroad company for the wrongful death of said Boatwright may be maintained by the executor or administrator of the estate of the said Boatwright. Section 3146, Gen. St. 1906.

Your petitioner further shows unto your honors that he is the administrator of the estate of the said Laurie L. Boatwright, deceased; that he was appointed administrator by the county judge of the county of Leon, in the state of Florida; and that your petitioner is duly qualified as such administrator and has not been discharged.

Your petitioner represents unto your honors that the Seaboard Air Line Railway is now in the hands of receivers appointed by this honorable court to manage and conduct the business of the said railroad company and operate it as a going concern. Therefore, on considering the premises aforesaid, your petitioner, Perry L. Boatwright, as administrator of the estate of Laurie L. Boatwright, respectfully petitions unto your honors that he be permitted to bring and institute suit against the receivers of the Seaboard Air Line Railway for damages for the wrongful killing of the said Laurie L. Boatwright in the Circuit Court of the United States for the Northern District of Florida,

[Signed]                                    Perry L. Boatwright, Petitioner.

William C. Hodges and William H. Ellis, for petitioner.

PARDEE, Circuit Judge. The petitioner has no claim against the receivers of the Seaboard Air Line. If he had one growing out of their operation of the railroad property, no leave to sue in any court of competent jurisdiction would be necessary.

The petitioner's claim is one against the Seaboard Air Line Railway and he may sue said company in any court of competent jurisdiction. If such suit is brought, and service of process shall be made upon any local agent of the receivers, the receivers will appear and defend for the railway company. Any judgment obtained will have to be certified to the United States Circuit Court for the Eastern District of Virginia for payment.