### TALLULAH FALLS RAILWAY COMPANY v. RAMEY.

FISH, C. J. 1. A ground of a motion for a new trial, complaining of the exclusion of evidence referred to therein in general terms, is sufficient where the evidence offered is fully set out in a marked exhibit attached to the motion, and the ground of the motion including the exhibit, which is expressly referred to in his order, is approved by the judge, although the exhibit be not referred to in the ground of the motion.

2. Where a railroad has been duly placed by a court of competent juris-
diction in the hands of a receiver, who is in full and exclusive posses-
sion and control of the railroad and all the property of the railroad
company, such company is not liable for a tort committed by the re-
ceiver or his servants in the operation of the railroad.　33 Cyc. 722,
and cases cited in notes 20 to 24 inclusive; *Ocean Steamship Co.* v.
*Wilder*, 107 *Ga.* 222 (33 S. E. 179).

3. In view of the answer filed, it was error for the court to refuse to per-
mit the defendant company to introduce in evidence a properly certi-
fied copy of the proceedings in the Federal court, showing the appoint-
ment of a receiver for the defendant railroad company, and his dis-
charge, and the pendency of the receivership at the time of the com-
mission of the tort complained of by the operation of the road.

4. The foregoing notes deal with all the assignments of error referred
to in the brief of counsel for plaintiff in error.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*
FEBRUARY 15, 1912.

Action for damages. Before Judge Kimsey. Habersham supe-
rior court. December 26, 1910.

*Hamilton McWhorter, J. C. Edwards, Sam Kimzy,* and *Lamar
Rucker,* for plaintiff in error.　*Reuben R. Arnold,* contra.