ANDREWS v. ROBERTS et al. (No. 5766.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1917.)

1. CARRIERS ☞177(3)—LOSS AND DAMAGE TO GOODS—INTERSTATE COMMERCE.

The initial carrier of an interstate shipment is liable for damages, where the undisputed evidence shows a contract for through shipment, delivery to the carrier in good condition, and arrival in bad condition at destination,

where such shipment was unaccompanied by shipper or his representative.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 779–789.]

2. RAILROADS ⊜⇒211—RECEIVERS—ACTIONS—PARTIES.

Judgment for loss and damage to shipment cannot be rendered against a railroad company, where the evidence shows that railroad was being operated by a receiver at the time the contract of shipment was made as well as at the time of trial, but judgment can be rendered only against the receiver.

3. RAILROADS ⊜⇒210 — RECEIVERS — LOSS OR DAMAGE OF SHIPMENT — INTERSTATE COMMERCE.

Where receiver of railroad contracted to transport shipment within state, freight charges payable at destination, and before delivery of shipment destination was changed and bill of lading issued for transportation of shipment beyond state, the receiver was liable as initial carrier of interstate commerce; it being within his authority to so modify original contract.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 696–701.]

Appeal from San Patricio County Court; M. A. Childers, Judge.

Action by W. R. Roberts and others against Frank Andrews, receiver, and another. Judgment for plaintiffs, and defendants appeal. Reversed and rendered in part, and in part affirmed.

Claude Pollard, of Houston, and Robt. W. Stayton and David M. Picton, Jr., both of Corpus Christi, for appellants.

SWEARINGEN, J. Appellees, W. R. Roberts and 21 others, joined in a suit as plaintiffs against the St. Louis, Brownsville & Mexico Railway Company and Frank Andrews, as receiver for the above-named railroad, to recover damages to a carload of cucumbers shipped from Sinton, Tex., through to Milwaukee, Wis., and alleged for cause of action that they appointed and authorized W. R. Roberts to ship the commodities and take bill of lading in his name and to sell for them, and further alleged that on June 3, 1914, they delivered to the agent of the said receiver at Sinton, Tex., 690 crates of cucumbers in good condition; that same were received by the receiver for through shipment to Milwaukee, Wis., that the receiver, through its agent, delivered to W. R. Roberts, the shippers' agent, bill of lading by which it was agreed to transport the cucumbers through to Milwaukee, Wis., and deliver them to the consignee named in bill of lading; that the cucumbers arrived in badly damaged condition, by reason of which damaged condition loss was suffered.

Appellant answered by demurrer, exceptions, and general denial; admitted that Frank Andrews became receiver of the railroad about July 5, 1913, and was such at the time of the trial. Appellant further alleged that the shipment was received for shipment to Ft. Worth, Tex., by contract which limited liability to damage done on the St. Louis,

Brownsville & Mexico Railway, making the issue by its pleadings that the bill of lading for shipment to Milwaukee, Wis., in lieu of bill of lading previously issued for shipment to Ft. Worth, Tex., was without consideration, was a gratuity, and that the receiver did not have possession of the goods at the time interstate bill of lading was issued.

The undisputed facts in evidence show that the cucumbers were delivered to the receiver at Sinton in good condition on June 3, 1914, and were received by the receiver and loaded in one of the receiver's cars; that an intrastate bill of lading was delivered by the receiver's agent to W. R. Roberts contracting to ship to Ft. Worth to W. R. Roberts' consignee; that the receiver afterwards, before the goods were delivered at Ft. Worth to the consignee, executed and delivered to W. R. Roberts, at his request, an interstate bill of lading for the same cucumbers, agreeing to ship them to Milwaukee, Wis., that W. R. Roberts was required to and did surrender the intrastate or first bill of lading before the interstate bill of lading was delivered to him.

The evidence further shows that the cucumbers were delivered at destination, Milwaukee, Wis., in a badly damaged condition. There is also evidence to sustain the finding of the jury that the damage amounted to the sum for which verdict was rendered.

The court instructed the jury as follows:

"In this case you are instructed to find for the plaintiffs, and assess their damages at a sum equal to the difference between the market value of the cucumbers in question in the condition in which they did arrive at their destination, to wit, Milwaukee, Wis., on the 12th day of June, 1914, and the market value of said cucumbers at their said destination on said date had said cucumbers arrived there in the condition in which they should have arrived."

By the first assignment it is contended that the court erred because it refused to submit the case to the jury upon special issues as appellants requested.

By the second it is contended that the court erred because it instructed the jury to find a verdict for appellees.

[1] Neither of these assignments can be sustained. The pleading and the undisputed evidence show a contract for through shipment, a delivery of the cucumbers in good condition, and a redelivery at final destination in a badly damaged condition. No one accompanied the shipment for the shipper. Under these circumstances the law holds the carrier liable for such damages as the jury finds. 4 Elliott on Railroads, § 1454, note 11; T. & N. O. R. Co. v. Drahn, 157 S. W. 282. Where there is no issue to submit to the jury, it is proper to give a peremptory instruction to the jury, and, of course, under these circumstances, proper to refuse to submit unnecessary issues.

[2] The third assignment is sustained. The

judgment should not have been rendered against the St. Louis, Brownsville & Mexico Railway Company; for the evidence shows that the property was being operated by the receiver Frank Andrews, at the time the contract of shipment was made and at the time of the trial. Judgment should have been in favor of the St. Louis, Brownsville & Mexico Railway Company, and against the appellant Frank Andrews. Ft. Worth & Rio Grande Ry. Co. v. Ballou, 174 S. W. 337.

[3] The sixteenth and seventeenth assignments present the proposition that the receiver could not issue an interstate bill of lading contracting to transport the cucumbers from Sinton to Milwaukee, Wis., and be bound as any initial carrier by the federal interstate commerce statute, because at the time the interstate bill of lading was issued the car of cucumbers had already been transported to a point beyond the line of railway operated by the receiver. The freight had not been delivered at Ft. Worth nor to the consignee, and was therefore in possession of the receiver. No freight charge had been paid in advance, but it was agreed in both shipping contracts that the charges should be collected upon delivery at destination. So far as the evidence discloses, the proper charges were paid at destination. The receiver had the authority to make the interstate contract and cancel the intrastate contract. It did so, and is bound thereby. This is not a case of diversion, but of through shipment under a through bill of lading.

All the assignments are overruled, except the third, which is sustained.

There was no dispute about the fact that the receiver, Frank Andrews, was in charge of and operating the railway at the time of the contract for transportation and injury alleged by appellees, and was up to the time of this cause.

For the reasons mentioned, the judgment of the trial court, as between appellees and the appellant, the St. Louis, Brownsville & Mexico Railway Company, is reversed, and judgment here rendered for the St. Louis, Brownsville & Mexico Railway Company; in all other respects the judgment is affirmed.

Reversed and rendered in part, and affirmed in part.