13985

ECHOLS v. SEABOARD AIR LINE RAILWAY COMPANY

(178 S. E., 189)

*Mr. L. D. Jennings,* for appellant,

*Messrs. Lee & Moise* and *Dargan & Paulling,* for respondent,

January 25, 1935.

The opinion of the Court was delivered by MR. C. J. RAMAGE, ACTING ASSOCIATE JUSTICE.

There are six exceptions on behalf of appellant. The issue involved is: "Was the presiding Judge in error in holding that appellant should have sued the Receivers of the Seaboard Air Line Railway Company instead of the Seaboard Air Line Railway Company, and in directing a verdict for the respondent, which is the main

question in the case?" This is the only question which appellant has argued in his printed brief. Therefore, under the rules and decisions of this Court, all other exceptions are deemed abandoned. Supreme Court Rule 8, §§ 2 and 4; *Priester v. Priester,* 131 S. C., 284, 127 S. E., 18. This applies particularly to Exceptions 2, 3, 4 and 5.

This action was commenced on August 3, 1932, for a delict alleged to have occurred in July, 1932. The suit was against the Seaboard Air Line Railway Company, a corporation, and nowhere in the complaint was any reference made to the fact that receivers had been appointed to take charge of the corporation, nor were the receivers made parties defendant. The answer was filed by "the defendant, Seaboard Air Line Railway Company"; i. e., the corporation alone and not the receivers thereof. The order of the United States Judge Groner, made in the case of *Bethlehem Steel Company v. Seaboard Air Line Railway Company,* and filed in the United States District Court for the Eastern District of Virginia, showed that receivers had been appointed for the railway company on December 23, 1930. The certificate of the clerk of said United States Court, dated September 23, 1932 (which was after the alleged delict occurred and after the institution of this action), also showed that the decree appointing the receivers was still in force. The decree appointing receivers provided: That said receivers forthwith take possession of all railroads and other property and assets of the corporation and operate the same; to manage and conduct the business of the railroad company; to employ all officers, attorneys, managers, superintendents, agents, and employees; and all persons were restrained and enjoined from interfering with, attaching, levying upon, or in any manner whatsoever disturbing any portion of the assets or property under the custody and control of said receivers. The decree likewise provided that all claims and demands against the company should be presented to the receivers or be thereafter barred.

The testimony of Mr. H. A. Benton, superintendent, showed that the receivers had been operating the railway company continuously from the date of their appointment in December, 1930, to the time of the trial, and that the corporation had not operated it at any time during that period, that Mr. China, the agent at Sumter (who is alleged to have committed the delict complained of), was agent of, and employed by, the receivers, and that any injury that may have happened to plaintiff was done during the operation of the receivers. This testimony was entirely uncontradicted.

It conclusively appears that the alleged delict occurred, and this action was instituted, after the appointment of receivers for the defendant company by a Court of competent jurisdiction, and while the property of the company was in the exclusive possession, and under the control, management, and operation of the receivers, and that the suit was directed against the company alone and not against the receivers thereof.

Is a railway corporation liable, in a suit against it alone, for the acts of an agent of regularly appointed receivers in possession and operation of the railway?

The rule is thus stated in 51 C. J., p. 962, § 863: "Since, where a railroad has been duly placed by a court of competent jurisdiction in the hands of a receiver who is in full possession and control of the road, the possession of the receiver is not that of the company but of the Court, and also, since the receiver is not the agent or servant of the company or his servants its servants, the company is not liable for the acts of the receiver or his servants in the operation of the road."

In the case of *Memphis & C. R. Co. v. Hoechner* (C. C. A., 6th Cir.), 67 F., 456, Circuit Judge Lurton, rendering the opinion, said:

"The first presents the question of the liability of the railroad company for an injury sustained by a servant of the

receivers who were in the exclusive possession and occupation of the railroad owned by the corporation. * * * McGhee and Fink were appointed receivers in July, 1892, under a bill filed by creditors. Defendant in error sustained the injury for which he sued in December, 1892. * * * All the evidence tended to show that the road had, from the qualification of the receivers, been in their exclusive possession, control, and operation. * * *

"A receiver appointed by a Court of equity to hold, manage, and operate an insolvent railroad is not the agent of the insolvent railroad corporation, and is not a substitute for the board of directors. He is but the hand of the Court appointing him, and holds, manages, and operates the property under the orders and directions of the Court as its custodian, and not for or under the control of the directors or shareholders of the corporation. His management is for the benefit of those ultimately entitled under decree of the Court. His acts are not the acts of the corporation, and his servants are not the agents or servants of the corporation. * * *

"The receivers, as such, are liable for their negligent acts. Both to the public and to employees they stand responsible to the full extent of the earnings resulting from their management, and, under some circumstances, the property itself may constitute a fund which may be reached and subjected by those sustaining injuries. But we know of no legal principle which would justify a Court in holding a corporation, which is excluded from all control and management, responsible for the torts of such receivers, or for the negligent acts of their servants. The relation of master and servant does not exist between the excluded corporation and the servants of the receivers."

"Receivers having the full possession, control, and operation of a railroad under the directions of a Court are alone liable for the negligence or wrongdoing of their agents and employees in the operation of the road, and the rail-

road company itself is not liable to suit upon a cause of action so arising." *Chamberlain v. New York, etc., R. Co.* (C. C.) 71 F., 636.

To the same effect is the case of *Gableman v. Peoria, etc., R. Co.* (C. C.) 82 F., 790, 791, wherein the Court held: "The injury occurred while the railway was in the exclusive control and management of the receiver. The railway company is improperly joined as a party defendant. The complaint states no cause of action against it. It is not liable for the torts of the receiver or his employees. High, Rec., § 396, *Railroad Co. v. Hoechner,* 14 C. C. A., 469, 67 F., 456, and cases cited."

So also, where the tort was committed by a railroad corporation prior to the appointment of a receiver, the cause of action is against the corporation and not against the receiver. See *Northern Pacific R. Co v. Heflin* (C. C. A.) 83 F., 93; In re Seaboard Air Line Ry. (C. C.) 166 F., 376.

"Where the railroad which injured plaintiff was in the hands of a receiver at the time of the accident, it was not liable for plaintiff's injuries, since in such cases the law holds the receiver and his agents liable in the former's representative capacity, but not the corporation deprived by the receivership of the right to control its property." (Syllabus.) *Atlanta, B. & A. R. Co. v. McGill,* 194 Ala., 186, 69 So., 874.

In the *McGill case, supra,* the Court said: "It would be a great injustice for the law, acting through its courts and receiver, to deprive the railroad corporation of the custody and control of its property, and then proceed to operate it through and by receivers and their agents, and then hold the railroad company liable for the negligence of the receivers or their agents. The law is not so harsh or unjust. In such cases it holds the receivers and their agents liable, but not the corporation or person whose property, or the control of whose property, it has so assumed."

The *McGill case* was affirmed in the later case of *Steel v. Booker,* 205 Ala.; 210, 87 So., 203, wherein it was held: "If the receiver of a railroad or his agents negligently caused the death of a horse on the track, the railroad company was not suable therefor."

Where a railroad company is in the hands of receivers, the agents are the agents of the receivers and the company is not liable for their negligence. *Holt v. Leslie,* 116 Ark., 433, 173 S. W., 191.

A railroad in the hands of a receiver held not liable for the torts of the receiver and his employees. *Willson v. Colorado & S. R. Co.,* 57 Colo., 303, 142 P. 174.

In the case of *Tallulah Falls R. Co. v. Ramey,* 137 Ga., 568, 73 S. E., 838, suit was brought against the company and resulted in a verdict for plaintiff. On appeal, the judgment was reversed, the Court holding: "Where a railroad has been duly placed by a Court of competent jurisdiction in the hands of a receiver, who is in full and exclusive possession and control of the railroad and all the property of the railroad company, such company is not liable for a tort committed by the receiver or his servants in the operation of the railroad."

"Railroad company, whose road with all its appurtenances is in exclusive possession, use, and control of receiver, who has power to employ, control, and dismiss all the agents, servants, and the employees engaged on the road, is not liable for an injury resulting from the negligence of such agents or servants." *Ohio etc., R. Co. v. Davis,* 23 Ind., 553, 85 Am. Dec. 477.

Where an action is brought against a railroad company for damages based on negligence in operating its road, proof that the road at such time was in the possession and control of a receiver, who had exclusive charge of the management and operation of the road, is a sufficient defense, and such defense need not be raised by special answer. *Chicago,*

*etc., R. Co. v. Van Stone,* 68 Ind., App. 47, 119 N. E., 874, 875.

In the above case decided in 1918, the Court said: "The law appears to be well settled that, where an action is brought against a railroad company for damages based on negligence in operating its road, it is a sufficient defense to show that the road at the time of the commission of the alleged negligent act was not in its possession and control, but was in the possession and control of a receiver, who had exclusive charge of the employment and management of the agents and employees engaged in operating such railroad. *Ohio, etc., R. Co. v. Davis* (1864) 23 Ind., 553, 85 Am. Dec., 477; *Bell v. Indianapolis, etc., R. Co.,* (1876) 53 Ind., 57; *State v. Wabash Ry. Co.,* (1888) 115 Ind., 466, 17 N. E., 909, 1 L. R. A., 179; *Godfrey v. Ohio, etc., R. Co.,* (1888) 116 Ind., 30, 18 N. E., 61; High on Receivers, § 396; *Naglee v. Alexandria, etc., R. Co.,* 83 Va., 707, 3 S. E., 369, 5 Am. St. Rep., 308, and note."

In *St. Louis & S. F. Ry. Co., v. Bricker,* 65 Kan., 321, 69 P. 328, 330, the Court held: "A contention is made by the corporation that in no event is it liable. It appears that at the time the plaintiff received his injuries, and for some time prior thereto, all the property of the corporation was in the hands of, and the road was being operated by Aldace F. Walker and John J. McCook, as receivers. The principle of respondeat superior has no application. The receivers were the officers of the Court, and not the agents of the corporation. The corporation is not, therefore, liable for the acts of the receivers or the acts of their employees. *Ry. Co. v. McFadden,* 89 Tex., 138, 33 S. W., 853; *Metz v. R. R. Co.,* 58 N. Y., 61, 17 Am. Rep., 201; *R. R. Co. v. Davis,* 23 Ind., 553, 85 Am. Dec., 477; *Gableman v. Ry. Co.,* (C. C.) 82 F., 790; *Warax v. Ry. Co.,* (C. C.) 72 F., 637; *R. R. Co. v. Hoechner,* 14 C. C. A., 469, 67 F., 456; *Ry. Co. v. Smith,* 59 Kan., 80 52 P., 102."

A railroad company is not liable for the acts of a receiver

of the road, or of his employees, in its operation. *Louisville Sou. Ry. Co. v. Tucker,* 105 Ky., 492, 49 S. W., 314.

A railroad is not liable for injuries occurring at time when a railroad was in the hands of a receiver, its line and property were under the receiver's exclusive control, and the negligence which caused the injury was directly chargeable to the receivership. *Anding v. T. & P. R. Co.,* 158 La., 412, 104 So., 190.

"A railroad company, which has been placed in the hands of a receiver by a Court of competent jurisdiction, and the property of which is in full possession and control of the receiver, is not liable for the acts of negligence of the receiver or his servants in the operation of the road." (Syllabus) *Mitchell v. Hines,* 101 Okl., 38, 223 P., 182.

In the above case, decided in 1924, the Court said: "The defendant in this case was not liable for the act complained of, because the act was committed by another party. This defense could be and was made under a general denial, and, when it developed that the cause of action was against the receiver of the Missouri, Kansas & Texas Railway Company and not against the Missouri, Kansas & Texas Railway Company, and that the cause of action against the receiver was barred by the statute of limitations, the court correctly declined to permit an amendment to the petition and instructed a verdict for the defendant."

A corporation, owning a railroad operated by a receiver, is not liable for injuries caused by the receiver's negligence. *Fort Worth & R. G. Ry. Co. v. Ballou* (Tex. Civ. App.), 174 S. W., 337, 338.

In the foregoing case, decided in 1915, the Chief Justice, writing the opinion, said: "It is a well-settled rule of law, and not denied by counsel for appellee, that, when a railroad is being operated by a receiver, the corporation which owns the railroad is not liable for injuries caused by the negligence of the receiver, or those who are acting for him in the operation of the railroad."

Later cases in that jurisdiction are to the same effect. See *Beaumont, etc., R. Co. v. Daniel* (Tex. Civ. App., 1916), S. W., 383; *Andrews v. Roberts* (Tex. Civ. App., 1917), 192 S. W., 569.

The reasons for the rule of law which the respondent contends is applicable have been fully expressed in the case of *Metz v. Buffalo, etc., Railroad Company*, 58 N. Y., 61, 17 Am. Rep., 201. There an action was brought against the corporation for the negligent killing of a passenger after the corporation had been adjudicated an involuntary bankrupt and after a receiver had been appointed, who took possession of and operated the road. The Court said:

"The question is this case is whether the defendant was liable for the injury sought to be redressed in the action. It was not so unless the positions of the plaintiff's counsel can be sustained. These are that Barney, while operating the road, after his appointment as special receiver by the Court, in the bankruptcy proceedings against the defendant, and while operating the same as assignee in bankruptcy, was acting as the agent and servant of the defendant. If he was so acting, it follows that the defendant was responsible to passengers for injuries received through his negligence and the negligence of those employed by him in operating the road.  *  *  *

"In reference to the position that the receiver and assignee was the agent and servant of the defendant, which were therefore liable for his acts, it must be borne in mind that the defendant was not a voluntary bankrupt. The appointment of Barney as receiver was by the Court, against its will. It had nothing to do with his appointment, or any control over his employees. Upon what principle can the defendant be held responsible for their negligence?  *  *  *  The defendant, by the act of the law, has been deprived of the possession of the road and of all control over those engaged in operating it; and by like act, the possession and control has been given to others. The defendant had not,

thereafter, anything to do with the operating the road. True, if profits were earned thereby, they would inure to the benefit of the defendant by becoming assets for the payment of debts. But this did not make it liable for the conduct of those in no sense its employees or servants. The employees must look to those who employed them for compensation; and those who contracted with the receiver or assignee must also look to him. He was liable for the breach of contracts made by him, and for injuries sustained by his negligence or that of his employees in their performance. *Rogers v. Wheeler,* 43 N. Y., 598."

Any liability is on part of receivers. In *Hugulet v. Warfield, et al.,* Receivers of S. A. L. Railway, 84 S. C., 87, 65 S. E., 985, 986, Mr. Chief Justice Jones said: "Receivers operating a railroad are common carriers, and are liable as such. Ex parte Brown, 15 S. C., 533; 2 Elliott, Railroads, § 577; note to *Naglee v. Alexandria, etc., Ry. Co.,* 5 Am. St. Rep., 314; *Fullerton v. Fordyce,* 121 Mo., 1, 25 S. W., 587, 42 Am. St. Rep., 516; *Dillingham v. Anthony,* 73 Tex., 47, 11 S. W., 139, 3 L. R. A., 634, 15 Am. St. Rep., 753."

Under the admitted facts in this case and under numerous decisions which we have cited above, it necessarily follows that the Seaboard Air Line Railway Company, sued as a corporation alone, is not liable for the acts or delicts of agents of receivers who were regularly appointed by a Court of competent jurisdiction and vested with the complete and exclusive management, operation, and possession of the roads and property of the corporation. The receivers may be liable as such; certainly the corporation is not.

It is the judgment of this Court that the order below be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS concur.