### MILHOUS v. SOUTHERN RY.

1. EVIDENCE—MOTIONS TO STRIKE OUT.—A defendant failing to make a motion to strike out allegations of a complaint cannot object to admission of evidence in support thereof.

2. RAILROADS—STATIONS—PASSENGERS.—Sec. 2134, Code, 1902, requiring trains to stop at stations to take on or let off passengers only applies to regular advertised stopping stations and not to flag stations, at which trains are only required to stop when duly flagged.

3. IBID.—DAMAGES—PUNITIVE.—If an engineer, on passing a flag station, intentionally fail to see a passenger it is wilful, and passenger is entitled to punitive damages.

4. CHARGE—REQUEST.—Refusal of request is not error where propositions embodied are substantially covered in general charge.

5. DAMAGES.—INCONVENIENCE, which is a direct or proximate cause of negligence or wilfulness, may be considered in estimating damages.

6. RAILROADS—CONDUCTORS—CHARGE.—While it may not be the duty of a conductor to lookout for signals to stop for passengers at flag stations, yet a request to so charge is inapplicable where the complaint alleges that the conductor was acting within the scope of his duty when he failed or refused to stop the train.

Before JAS. F. IZLAR, special Judge, Lexington, February, 1905. Reversed.

Action by John A. Milhouse against Southern Railway. From judgment for plaintiff, defendant appeals on following exceptions:

"1. Excepts because his Honor erred in allowing the plaintiff to testify, over the objection of defendant, that his feelings were hurt and that he was subjected to inconvenience; upon the ground that the same were not elements of damage in this case.

"2. Excepts because his Honor, the presiding Judge, erred in charging the jury as follows: 'You have heard the testimony in this case, and you must determine the question whether or not he was a passenger on that occasion. If he was, he was entitled to the rights of a passenger, he was entitled to board the train with his ticket, and to be transported with safety and convenience to the point of his desti-

nation. I say that was his contract, that is what the railroad had undertaken to do, and that is what the railroad company was bound to do, in my opinion, under that state of facts.' The error being, that under the testimony Perry was a flag station for train No. 30, which the plaintiff desired to board, and it was necessary that it be flagged, and it was not required to stop for plaintiff without being flagged, even though plaintiff held a ticket.

"3. Excepts because his Honor erred in reading to the jury section 2134 of Code of Laws of S. C., 1902, to wit: 'Every railroad company in this State shall cause all its trains of cars for passengers to entirely stop upon each arrival at a station, advertised by such company as a station for receiving passengers upon such trains, for a time sufficient to receive and let off passengers.' And in charging the jury as follows: 'Now, a request to charge from the defendant is that that does not apply to flag stations, but I charge you that it does. It applies to every advertised station, and if they advertise this as a flag station, and passengers are to get on and off at that point, why the train was bound to stop and receive those passengers, and it was bound to stop long enough for them to get on and off, notwithstanding it may not be a regular station on the line of their road.' The error being that said section of the Code does not apply to flag stations at all or to trains which stop only on flag. Further, the evidence showing that Perry was a flag stop for the train in question (No. 30), this charge required the train to be stopped there, whether flagged or not, which is contrary to law and to said section of the Code.

"4. Excepts because his Honor erred in charging the jury, at plaintiff's request, as follows: 'When a passenger purchases a ticket from the agent of a railroad company at a station where tickets are sold, he is entitled to passage on the train of cars for passage on which the ticket was purchased to his destination. And it is the duty of the railroad company to stop its train at such station long enough for said passenger with such ticket to get aboard for the purpose of

traveling thereon to his destination.' Such charge being inapplicable to this case, erroneous and to defendant's prejudice. It is submitted that Perry being a flag stop for the train in question, the defendant was not required to stop for plaintiff unless such train was flagged.

"5. Excepts because his Honor erred in charging the jury, at plaintiff's request, as follows: 'That it is the duty of the employees of the company, its agents and servants on its train, to keep a look out at its stations where tickets are sold along its route; and any such train for riding on which tickets have been sold will fail to stop for such passenger at its peril, as failure to stop is negligence in the law, which will entitle such passenger to such damages as he may prove by the preponderance of the testimony under the allegations of his complaint against the negligent company, defendant.' (1) Such charge was erroneous in that it did not declare the law with reference to the stopping of trains at flag stations where the train is required to be flagged before it will stop. (2) It exacted more than the law required, and held defendant to the duty of keeping a lookout and stopping its trains at flag stations whether properly flagged or not. (3) It was further erroneous in declaring that a failure to stop is negligence in the law which will entitle the passenger to damages; whereas, on the contrary, it is incumbent upon the plaintiff to prove negligence on the part of the railroad company in failing to stop at a flag station after the train has been properly flagged.

"6. Excepts because his Honor erred in failing to charge defendant's second request to charge, which was as follows: 'It is only when it is shown that an engineer actually saw an intending passenger, or there is sufficient evidence to authorize a jury to find that the engineer saw him, that there can be such a wilful disregard of the plaintiff's right, or such personal indignity to him, in rolling by without stopping, as would entitle the plaintiff to recover punitive damages.' The same being a correct proposition of law and applicable to this case.

"7. Excepts because his Honor erred in failing to charge defendant's third request to charge, which was as follows: 'The burden is upon the plaintiff to establish the allegations of his complaint by the preponderance of the evidence, and unless the jury is satisfied therefrom that the engineer of the train in question actually saw the signal to stop and wilfully disregarded it, the plaintiff is not entitled to any exemplary damages in this case.' The same being a correct proposition of law and applicable to this case.

"8. Excepts because his Honor erred in failing to charge defendant's fourth request to charge, which was as follows: 'If the engineer, with reasonable care, ought to have seen but did not see the signal to stop, if such was given, this would present a case of only ordinary negligence, and in such case plaintiff would not be entitled to any exemplary damages.' The same being a correct proposition of law and applicable to this case.

"9. Excepts because his Honor erred in failing to charge defendant's fifth request to charge, which was as follows: 'Damages for the mere failure of a carrier to stop its train on signal at a flag station consists in compensation for the actual loss sustained by the intending passenger. This will include the actual loss sustained as the direct consequence of the carrier's failure to stop the train.' The same being a correct proposition of law and applicable to this case.

"10. Excepts because his Honor erred in failing to charge defendant's sixth request to charge, which was as follows: 'If you find from the evidence in this case, if there be such evidence, that the engineer of the train in question, in the exercise of reasonable care, failed to see the signal to stop at the flag station of Perry on the morning in question, if such signal was given, or that it was mere negligence on the part of said engineer in not seeing such signal, if it was given, then your verdict, if you find for the plaintiff, can only be for the actual damages sustained by the plaintiff, which actual damages must be the direct and necessary consequence

of the failure to stop the train.' The same being a correct proposition of law and applicable to this case.

"11. Excepts because his Honor erred in failing to charge defendant's seventh request to charge, which was as follows: 'Mere inconvenience is not a ground of damages in an action against a carrier for failure to stop its train on signal at a flag station.' The same being a correct proposition of law and applicable to this case.

"12. Excepts because his Honor erred in failing to charge defendant's eighth request to charge, which was as follows: 'Plaintiff in this case is not entitled to any damages for inconvenience, pain or annoyance.' The same being a correct proposition of law and applicable to this case.

"13. Excepts because his Honor erred in failing to charge defendant's ninth request to charge, which was as follows: 'Sec. 2134 of Code of S. C., 1902, does not apply to what are known as flag stations, but only to what are known as regular stations where the train is advertised to stop regularly.' The same being a correct proposition of law, and applicable to this case.

"14. Excepts because his Honor erred in failing to charge defendant's tenth request to charge, which was as follows: 'The conductor of a railroad train is not called upon to look out for signals to stop or for intending passengers at flag stations. That is the duty of the engineer.' The same being a correct proposition of law and applicable to this case."

*Mr. E. M. Thomson,* for appellant, cites: *Mere inconvenience is not an element of damages:* 57 S. C., 325; 68 S. C., 99; Suth. on Dam., 3 ed., 279; 32 S. C., 592. *Section 2134, Code of 1902, applies only to regular stations:* 42 Ill. App., 387; 19 Ill. App., 141; 122 Ill., 506; 77 Ill., 443. *Statute should receive a strict construction:* Lewis' Suth. Stat. Con., secs. 521-2; 53 S. C., 500; 26 S. C., 290; 3 Hill, 99.

*Messrs. Andrew Crawford* and *G. T. Graham,* contra, cite: *Wounded feelings and annoyance are elements of damage:* 48 S. E., 616; 16 S. E., 355; 13 Cyc., 137; 131 U. S., 22; 31 S. E., 224. *Trains must stop at stations as required by sec. 2134, Code 1902:* 17 S. E., 277; 31 S. E., 224; 38 S. E., 237; 31 S. E., 212; 65 S. C., 1; 32 L. R. A., 101; 46 S. C., 543. *Not error to refuse request if covered in charge:* 30 S. E., 698; 38 S. C., 199; 30 S. E., 617; 29 S. E., 233; 22 S. E., 767; 40 S. C., 80; 41 S. C., 542; 41 S. C., 440; 20 S. E., 84. *When exemplary damages are allowed:* 31 S. E., 224; 14 S. E., 943; 38 S. E., 237; 35 S. E., 228; 38 S. E., 240; 44 S. E., 562; 43 S. C., 85; 43 S. E., 445; 40 S. E., 665; 46 S. E., 543. *Judge not required to charge request incorrect in part:* 46 S. C., 203; 52 S. C., 224; 15 S. C., 443; 60 S. C., 171; 52 S. C., 279; 46 S. C., 79; 45 S. C., 146; 39 S. C., 281. *Defendant has ratified acts of conductor by retaining him in its employment:* 68 S. C., 89; Hutch. on Car., secs. 815, 816, 817; Elliott on R. R., sec. 1638.

October 13, 1904.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for damages, which the plaintiff claims he sustained, by reason of facts set out in the complaint, which alleges:

"That on the morning of the 8th day of February, 1904, between 4 and 5 o'clock, the plaintiff, who had arranged to go to Columbia, S. C., on the morning of the said 8th day of February, 1904, to consult with Dr. Taylor, who was to examine and treat plaintiff for an injury to his side, from which injury he was suffering, and having purchased a ticket from Perry station, on said railroad, to Columbia, S. C., from the station agent of the defendant at Perry, and paid the station agent the fare usually demanded and paid for a ticket from Perry to Columbia, and as defendant's passenger train from Savannah to Columbia was then due at Perry, the plaintiff, in company with said station agent and others, walked out to defendant's railroad tracks at a point where

the defendant's railroad trains always stop, for the purpose of allowing its passengers to get off and on its trains, and when the defendant's passenger train from Savannah to Columbia came in sight, the said station agent directed one Martin N. Price to signal the train, and the said Price having given the signal pursuant to the direction of the said station agent, the said train slacked up the speed at which it was running and slowed up to about six miles an hour, when the conductor of said train (who was the agent and servant of the defendant and acting within the scope of his authority as such), with a lantern in his hand came out of one of the cars of said train with the porter thereof to the lowest step of the platform of said car, whereupon the said station agent of the defendant called out to him, 'I have five passengers for you, or there are five passengers here for you;' that it was the duty of the deefndant to stop said train at said Perry station long enough for plaintiff to get on board of it and carry him to Columbia aforesaid, but regardless of its duty in that respect and in utter disregard of the rights of the plaintiff, the conductor of said train, who heard said station agent when he announced that said passengers were awaiting transportation, and who was the agent and servant of the defendant and acting within the scope of his authority as such, negligently, recklessly, wantonly and wilfully failed and refused to stop said train for plaintiff to get on board thereof, and negligently, recklessly, wantonly and wilfully caused the speed of the train to be increased and to move off rapidly towards the city of Columbia, so as to make it impossible for plaintiff to get on said train—thus leaving the plaintiff standing on the cold wet ground in the rain at Perry station.

"That by reason of the negligent, reckless, wanton and wilful conduct of the defendant and its agents and servants in failing and refusing to stop said train at Perry station long enough for plaintiff to go on board of it, and in increasing the rate of speed of said train when it was informed that passengers were at said station for the purpose of boarding

said train, and as a direct result thereof, plaintiff was insulted, his feelings injured, he was compelled to remain at said Perry station several hours in the cold rain before he could board another train for Columbia; he was greatly annoyed, delayed and inconvenienced in reaching Columbia, was delayed from twenty-four to thirty-six hours in Columbia, during all which time he suffered much pain, annoyance and inconvenience, and was subjected to considerable pecuniary loss and expense, and was greatly inconvenienced and delayed in getting back to his home, and was otherwise greatly injured, to his damage $2,000."

The answer of the defendant was a general denial.

The jury rendered a verdict in favor of the plaintiff for $500.

The defendant appealed upon exceptions which will be incorporated in the report of the case.

*First exception:* As the testimony was responsive to the allegations of the complaint, the defendant is not in a position to raise the objection that it was inadmissible, after failing to make a motion to strike out the said allegations. *Martin* v. *Ry.,* 70 S. C., 8.

*Second, third, fourth, fifth and thirteenth exceptions:* Section 2134 of the Code of Laws is as follows: "Every railroad company in this State shall cause its trains of cars for passengers to entirely stop upon each arrival at a station, advertised by such company as a station for receiving passengers upon such trains, for a time sufficient to receive and let off passengers." At the time mentioned in the complaint, Perry was a flag station for the train upon which the plaintiff expected to become a passenger. He had seen a regular time table, advertising the fact that it was a flag station for said train, and his own testimony is to the effect that he had full knowledge of such fact. There is no testimony showing that the regulation making Perry a flag station for said train was unreasonable or oppressive; and as the company did not advertise Perry as a station for receiving passengers on the train in question, we do not

29—72

think that the plaintiff under these circumstances, had the right to invoke the provisions of said section. The defendant was only bound to stop its train at such a station when duly flagged.

*Sixth, seventh and eighth exceptions:* The failure of an engineer to see a passenger may not only be the result of negligence, but likewise of wilfulness. If he should intentionally fail to see a passenger, punitive damages would be recoverable.

*Ninth and tenth exceptions:* While the requests were refused, the propositions therein stated were substantially charged by the presiding Judge.

*Eleventh and twelfth exceptions:* When there is testimony showing that the inconvenience was the direct and proximate result of negligence or wilfulness, it may be taken into consideration by the jury in awarding damages. *Cen. R. & B. Co.* v. *Strickland,* 16 S. E. (Ga.), 352.

*Fourteenth exception:* Conceding that the request contained a sound proposition of law, it was inapplicable to this case, as the complaint alleged that the conductor was acting within the scope of his authority, when he failed or refused to stop the train at the station. *Wilson* v. *Ry.,* 51 S. C., 79, 28 S. E., 91.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*