9999

### HONOUR v. SOUTHERN PUBLIC UTILITIES CO.

(Two Cases.)

(96 S. E. 250.)

1. Appeal and Error—Reservation of Grounds of Review—Request to Charge.—When neither of plaintiffs requested the trial Judge to charge that negligence of a plaintiff cannot be interposed as a defense when the wilfulness of defendant was the proximate cause of injury and neither called to the attention of the Judge the fact that he had failed to charge that proposition, an exception, assigning error upon such failure, must be overruled.

2. Appeal and Error—Exceptions—Rule of Court.—Exceptions in violation of rule 5, sec. 6, of the Supreme Court (90 S. E. 7), providing that each exception must contain within itself a complete assignment of error, and that a mere reference to any request to charge will not be considered, are not properly before the Supreme Court for consideration.

3. Appeal and Error—Exceptions—Distinct Propositions of Law—Rule of Court.—An exception containing two distinct propositions of law violates rule 5 of the Supreme Court (90 S. E. 7).

Before Jos. A. McCullough, special Judge, Greenville, Fall term, 1917.   Affirmed.

Actions by Eugene C. Honour and by T. A. Honour against the Southern Public Utilities Company. From judgment for defendant, plaintiffs appeal.

*Mr. Joseph E. Leach,* for appellant, submits : *It was the duty of the presiding Judge to charge the jury, that any evidence of plaintiffs' negligence could not and must not be considered if they believed there was any wilful, reckless or wanton conduct of the defendant in bringing on the trouble:* 99 S. C. 284.   *It was the duty of the Judge, in charging the jury—there being allegations of different kinds of negligence—to make it clear that there is a difference, and to what allegations of negligence a general rule, which he states, must be applied:* 91 S. C. 315.   *Contributory negligence no defense to reckless negligence:* 86 S. E. 31 ; 76 Ga. 501 ; 11 Ga. 337 ; 87 S. E. 1093 ; Ann. Cases 1913d, 296, note. p. 301 ; 91 S. C. —; 74 S. E. 366 ; 115 App. Div. (N. Y.) 196 ; 100 N. Y. S. 937.   *As to charge on facts:* 84 S. C. 573 ; 63 S. C. 494.   *As to sudden peril:* 97 S. C. 111 ; No. 4, vol. CCXLVII, April 4, 1918, Fed. Rep.   *It is the duty of the Court to declare the law:* MSS., February 11, 1918.

*Messrs. Haynsworth & Haynsworth,* for respondent, submit : *Judgment will not be reversed for failure to charge a proposition not requested, nor for an inadvertent statement not called to the attention of the Court:* 38 Cyc. 1695 ; 93 S. C. 502 (pp. 519-521) ; 107 S. C. 351 ; 103 S. C. 216 ; 101 S. C. 40 ; 98 S. C. 476 ; 96 S. C. 74 ; 95 S. C. 441 ; 94 S. C. 216 ; 92 S. C. 72 ; 91 S. C. 201.   *The judgment should not be reversed in the absence of a showing that appellants have been prejudiced:* 109 S. C., pp. 80-81 ; 98 S. C. 476 ; 94 S. C. 216 ; 96 S. C. 74 ; sec. 6, rule 5 of the Supreme Court.   *An exception that does not conform to the rules of the Supreme Court, in that it does not set the requests complained of, cannot be considered:* Rule 5, sec. 6 ; 100 S. C. 276.

June 25, 1918.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

These two cases were heard together. The action by the plaintiff, Eugene C. Honour, is to recover actual and punitive damages for personal injuries, alleged to have been sustained through the negligence and wilfulness of the defendant, in causing its electric car to collide with a truck car belonging to the plaintiff, T. A. Honour, while it was being operated by his son, the plaintiff, Eugene C. Honour. The action by the plaintiff, T. A. Honour, is for the recovery of actual and punitive damages for injury to his truck car. The defendant denied the allegations of negligence and wilfulness, and set up the defense of contributory negligence. His Honor, the presiding Judge, charged the jury fully and ably in regard to negligence, contributory negligence, wilfulness, actual damages, and punitive damages. The jury rendered a verdict in each case in favor of the defendant, and the plaintiffs appealed. The testimony is not stated in the record.

The first question presented by the exceptions is whether there was error on the part of his Honor, the presiding Judge, in failing to charge the jury that contributory negligence on the part of a plaintiff cannot be interposed as a defense, when the wilfulness of the defendant was the proximate cause of the injury. Neither of the plaintiffs presented a request to so charge, nor did they call to the attention of the presiding Judge the fact that he had failed to charge that proposition. The case of the *State v. Long,* 93 S. C. 502, 77 S. E. 61, as well as numerous other cases cited in the argument of the respondent's attorneys, are conclusive of this question, and show that the exceptions, assigning error in this respect, cannot be sustained.

The exceptions numbered 4 and 5 are not properly before this Court for consideration, as they are in violation of rule 5, section 6 (90 S. E. 7) of the Supreme Court, which provides that "Each exception must contain within itself a complete assignment of error, and a mere

reference therein to any * * * request to charge will not be considered."

The exception numbered 8 is also in violation of the same rule, which provides that "each exception must contain a concise statement of one proposition of law or fact, which this Court is asked to review," as it contains two distinct propositions of law.

There is no merit, however, in any of said exceptions.

Affirmed.