## 10161

### McCLURE v. HOME INS. CO. OF NEW YORK.

(98 S. E. 287.)

1. APPEAL AND ERROR—OBJECTION BELOW—ADMISSION OF EVIDENCE.—In an action on a hail policy, admission of evidence that agent who solicited insurance stated that he would adjust loss if it occurred could not be complained of in absence of specific objection.

2. APPEAL AND ERROR—ADMISSION OF INCOMPETENT TESTIMONY—HARMLESS ERROR.—Permitting plaintiff, suing on hail policy, to testify that agent who solicited application stated that he himself would adjust loss, *held* not prejudicial.

3. APPEAL AND ERROR—GROUNDS OF MOTION FOR NEW TRIAL—PRESERVATION.—Grounds of motion for new trial not stated in the record are not properly before the Court on appeal.

4. TRIAL—VERDICT—UNCERTAINTY.—Verdict for a certain amount, with interest, etc., was not void for uncertainty, where it required only a mathematical computation to ascertain the full amount which the jury intended to award, since "that is certain which can be made certain."

Before PEURIFOY, J., Anderson, Spring term, 1918. Affirmed.

Action by W. J. McClure against the Home Insurance Company of New York. Judgment for plaintiff, and defendant appeals.

*Messrs. Bonham, Watkins & Allen,* for appellant, submit: *The soliciting agent, Johnson, could not bind the company by an extraneous agreement as to who should adjust losses:* 98 S. C. 279; 84 S. C. 181; 91 S. C. 316. *An application for insurance is a part of the contract of insurance and no oral testimony as to agreement between the parties before execution is admissible to vary its terms, although the insured sign without reading, and accept statement of agent as to its contents:* 77 S. C. 187; 79 S. C. —. *The jury disregarded the instruction of the Court as to the proper measure o; damages:* 57 S. C. 189; 8 R. C. L. 181-232. *The verdict was indefinite and uncertain. It was in these words: "We find for plaintiff $5,809.37, with interest from July 23, 1917, at 7 per cent. Interest should be computed on a verdict from its date:* Code of Procedure, vol. II, sec. 364.

*Messrs. Watkins & Prince,* for respondent, cite: *As to the true rule for estimating the loss and damage to a growing and immature crop:* 57 S. C. 189; 62 S. C. 465; 8 R. C. L. 382. *As to alleged indefiniteness and uncertainty of verdict:* 26 S. C. Law 429; 22 Encyc. Pleading and Practice 915, 918.

February 12, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This was an action on a policy dated April 28, 1917, insuring plaintiff against damages caused by hail during that year to his crop of 300 acres of cotton to an amount not exceeding $25 per acre. On April 29th the crop on part of the land was damaged by hail to the extent of $190.73. That loss was adjusted and paid. On May 22d another hailstorm struck plaintiff's farm, and completely destroyed

the crop on 200 acres, and damaged that on 100 acres to the extent of 40 per cent., as estimated and agreed upon by plaintiff and agent of defendant who solicited plaintiff's application for the policy. According to this estimate, plaintiff's loss was $6,000—$5,000 on the 200 acres totally destroyed, and $1,000 on the 100 acres partially destroyed— and, according to the plaintiff's testimony, the agent promised to send him a check within a few days for the amount of the loss so agreed upon. But, instead of sending the check, the company sent two other agents to appraise and adjust the loss. These agents offered plaintiff, first, $1,000, then $1,200, and finally $1,792—offers which plaintiff declined to consider, and brought suit on the policy. The jury found a verdict in his favor for $5,809.73, with interest from July 23, 1917, at 7 per cent. per annum. From judgment on the verdict, defendant appealed.

The first assignment of error is in allowing plaintiff to testify that the agent who solicited his application for the policy assured him that, in case of loss, he (the soliciting agent) would himself adjust it. Appellant contends 1, 2 that this testimony was in conflict with the written stipulations of the application and policy, and that it was prejudicial, as appeared from the attitude of plaintiff to the other agents of defendants who were sent to adjust the loss.

The objection and contention are untenable for several reasons: When the objection was interposed no specific ground of objection was stated. The Court asked plaintiff's attorney what was the purpose of the testimony. His reply was: "To show the understanding as to how the loss should be adjusted—who should adjust the loss." The Court: "This policy shows how it should be adjusted. Go ahead." It does not appear that the loss was adjusted, or attempted to be adjusted, in any way contrary to the provisions of the policy. In fact, it was not adjusted at all; and the action was not brought upon an adjustment of the loss

but upon the policy; and it does not appear that there is any provision of the policy that an action may not be brought upon it until after adjustment of the loss, or an effort to adjust it. The record contains no provision of the application or policy with regard to the matter of adjusting the loss, and there was no issue thereabout. It appears that the attitude of plaintiff to the adjusters sent out by the company was brought about rather by the insignificance of their offers, as compared with his actual loss, as claimed by him and found by the jury, than by any reliance upon the alleged agreement with the soliciting agent. Therefore, if the ground of objection had been stated, we fail to see wherein appellant was prejudiced by the testimony, though incompetent and irrelevant.

The next contention is that the Court erred in refusing a new trial. The ground or grounds of the motion for a new trial are not stated in the record, and, therefore, are not properly before us. But, assuming that they appear in the exceptions which assign error in sustaining the verdict, on the ground that the evidence was insufficient to support it, and that the jury did not follow the instructions of the Court (which were admittedly correct) as to the measure of damages, we find abundant evidence to support the verdict, and none that the jury did not follow the instructions given them in estimating plaintiff's damages.

The last assignment of error is that the verdict is void for uncertainty because it was not for a certain amount, but for a certain amount with interest, etc. That is certain which can be made certain. It required only a mathematical calculation to ascertain with certainty the full amount which the jury intended to award. *Bank v. Bowie,* 1 McMul. (26 S. C. Law) 430.

Judgment affirmed.