17067

GEORGE A. SHEA, Appellant, v. GLENS FALLS INDEMNITY COMPANY, Respondent

(89 S. E. (2d) 221)

*Messrs. Whiteside & Smith,* of Spartanburg, *for Appellant,*

*Messrs. Rufus M. Ward,* and *Sam R. Watt,* of Spartanburg, *for Respondent,*

September 20, 1955.

JOSEPH R. Moss, Acting Associate Justice.

George Shea, the appellant, brought this action against Glens Falls Indemnity Company, the respondent, seeking to recover the sum of $10,000.00 alleged to be due him under a certain liability policy issued to the appellant by the respondent.

On December 11, 1951 appellant was involved in a collision with a truck in which one Farrell Wayne Pelfrey was riding, which resulted in personal injuries to the said Pelfrey. The appellant at the time was driving an automobile owned by one Roberts, which said automobile was covered by a policy of liability insurance issued to Roberts by the National Fidelity Insurance Company in the amount of $10,000.00. The policy issued by the respondent to the appellant provided that liability protection afforded by the policy would also apply with respect to any other automobile being used by the appellant but that it should be deemed excess insurance over any other valid and collectible insurance. Under the factual situation National Fidelity Insurance Company was liable for the first $10,000.00 of coverage on the Roberts' car under the policy issued to him by his insurer and the respondent here was liable for an amount not exceeding $10,000.00 over and above Roberts' insurance.

A suit was instituted in behalf of Farrell Wayne Pelfrey in the United States District Court, for the Western Dis-

trict of South Carolina, and a compromise settlement in the amount of $21,000.00 was reached, with judgment being entered accordingly in said Court.

This action, one *ex contractu,* was brought to recover $10,000.00 alleged to be due on the policy issued by the respondent to the appellant. The respondent filed an Answer setting forth four separate defenses but on this appeal we need only consider the last defense, "That the plaintiff (appellant) who is a wealthy man has not paid the judgment which he consented to being entered against him" in said Western District Court in favor of Farrell Wayne Pelfrey, and for this reason this action was prematurely brought. The appellant filed a Reply to the Answer setting forth a general denial and with respect to the fourth defense admitted the entry of judgment against him in the District Court for the Western District of South Carolina "but denies that under the terms and conditions of the policy, payment of said judgment is a condition precedent to recovery from the defendant."

The case was tried with a jury in April 1953 at Spartanburg, South Carolina and resulted in a verdict for the defendant.

During the course of the trial the appellant was cross examined as to his wealth. Counsel for the appellant objected on the ground that the suit was on a contractual obligation and that it was improper for the appellant to be examined as to his wealth. The Court overruled the objection, stating, "I overrule it on the way the pleadings stand." It is proper at this point to see just how the pleadings did stand. An action had been commenced by the appellant on a contractual obligation. The respondent had filed an Answer setting forth several defenses, including therein the fourth defense, which alleged that the appellant was "a wealthy man." The appellant had filed a Reply denying such. He had made no motion to strike the fourth defense or the particular allegation that he was a wealthy man and certainly as the pleadings stood the issue of the wealth of

the defendant was within the scope of such pleadings. The trial judge refused a motion for a new trial, which was based on the ground that the Court erred in admitting testimony as to the wealth of the appellant over the objection of his counsel.

There are three exceptions to the Order of the Circuit Judge refusing a new trial and as stated by the appellant a single question is involved—"Did the Trial Judge commit error in permitting the appellant to be cross examined extensively on his pecuniary circumstances?"

If the appellant conceived that it was improper for evidence to be admitted as to his wealth, then he should have availed himself of the remedy provided for in Section 10-606 of the 1952 Code of Laws of South Carolina, which provides:

"If irrelevant or redundant matter be inserted in a pleading it may be stricken out on motion of any person aggrieved thereby."

The appellant made no such motion. Therefore, as the pleadings stood evidence was admissible as to the wealth of the appellant. The appellant is not now in position to complain that the evidence introduced concerning his wealth was objectionable, he having made no motion to strike this allegation from the Answer.

This Court has in numerous cases held that it is not error to admit testimony in support of irrelevant allegations where there is no motion to strike out such allegations. We call attention to several of these cases.

In *Thornhill v. Davis,* 121 S. C. 49, 113 S. E. 370, 374, 24 A. L. R. 617, the Court said:

"The fourth, fifth, and sixth exceptions alleged error in the admission of testimony. The first of these exceptions relates to permitting testimony as to there being a 'traveled place' near the place where the deceased was run over and killed. In the first place, no ground of objection was stated when the testimony was offered. This of itself is sufficient

reason for overruling the exception; but further than this the testimony was responsive to allegations in the complaint about which the defendant raised no objection by motion to strike out. The cases of *Ragsdale v. Southern Ry. Co.*, 60 S. C. 381, 38 S. E. 609; *Dent v. South-Bound R. Co.*, 61 S. C. 329, 39 S. E. 527, and *Martin v. Seaboard Air Line R.*, 70 S. C. [8], 10, 48 S. E. 616, are conclusive of the right to an exception. In *Martin v. Seaboard Air Line R.*, citing the previous cases, it was said:

" 'But as no * * * motion was made (to strike out) the defendant's first exception, charging reversible error in the admission of testimony concerning them, cannot be sustained'."

Also, in the case of *Mauldin v. Seaboard Air Line Ry.*, 73 S. C. 9, 52 S. E. 677, 678, the Court said:

"The plaintiff having alleged in his complaint loss of custom as an item of damage arising out of defendant's failure to furnish cars, and no motion having been made to strike out this allegation, the defendant cannot be heard to complain that evidence was introduced on this subject. *Martin v. Seaboard Air Line R. Co.*, 70 S. C. 8, 48 S. E. 616."

In the case of *Fass v. Western Union Telegraph Co.*, 82 S. C. 461, 64 S. E. 235, the Court said:

"There is no allegation in the complaint that the defendant had notice of the sickness of Mrs. Fass when it failed to transmit the telegram to her. It was therefore the right of the defendant to have the statements as to her illness at that time stricken out of the complaint, but the defendant did not avail itself of that right, and hence cannot complain that the court admitted evidence in support of the allegation. *Martin v. Seaboard Air Line R.*, 70 S. C. 8, 48 S. E. 616; *Blassingame v. City of Laurens*, 80 S. C. 38, 61 S. E. 96. Even after the admission of such testimony, the defendant could have asked the court to instruct the jury that the illness of the plaintiff at the time of defendant's breach of

duty could not be taken into consideration in estimating her damages. But no such request was made, and there is no exception to the charge of the court on that point."

Attention is directed also to numerous other cases that sustain the doctrine that it is not error to admit testimony in support of irrelevant allegations when no motion has been made to strike out such allegations. Attention is called to the cases of *Milhous v. Southern Ry.,* 72 S. C. 442, 52 S. E. 41; *Hicks v. Southern Ry.,* 63 S. C. 559, 41 S. E. 753; *Pelzer Mfg. Co. v. Sun Fire Office,* 36 S. C. 213, 15 S. E. 562; *Blassingame v. City of Laurens,* 80 S. C. 38, 61 S. E. 96.

The reason for the foregoing rule is forcibly stated in *Martin v. Seaboard Air Line R.,* 70 S. C. 8, 48 S. E. 616, in these words:

"It may be that the allegations as to one or two of these items would have been stricken out of the complaint if a motion to that end had been made. But as no such motion was made, the defendant's first exception, charging reversible error in the admission of testimony concerning them, cannot be sustained. *Ragsdale v. Southern Ry. Co.,* 60 S. C. 381, 38 S. E. 609; *Dent v. South-Bound R. Co.,* 61 S. C. 329, 39 S. E. 527. The Code of Procedure provides opportunity for the parties to a suit to have the real issues presented in distinct and clear-cut form by a motion to strike out irrelevant matter. If they choose not to use this means, complaint that the circuit judge failed, in the hearing of the testimony, to disentangle the confusion of relevant and irrelevant matter, will not be heeded. Justice does not, in such circumstances, require that litigation should be prolonged by new trials. On the other hand, due administration of the law and dispatch of public business are promoted by encouraging the use of the proper means to eliminate all irrelevant matter before the trial begins. It is upon these reasons that the cases above cited rest. It may be important to remark in this connection, however, that, while a party cannot complain of the admission of testimony as

to irrelevant allegations he has allowed to remain in the complaint, this court has never held that the circuit court has not the right to exclude such testimony. In all the cases on the subject, the refusal to grant a new trial was placed on the ground that the appellant, having failed to move to strike out irrelevant allegations, had no right to have the testimony as to such allegations excluded."

It must be concluded therefore that the Trial Judge was not in error in admitting testimony as to the wealth of the appellant because such testimony was responsive to the pleadings in the case.

As is hereinbefore stated the appellant asserts that the three exceptions raise only the question of whether the Trial Judge committed error in permitting the appellant to be cross examined as to his pecuniary circumstances, yet the second exception charges "that the court erred in refusing plaintiff's request to charge the jury that the financial condition of the plaintiff was not an issue in the case and should not be considered by them in their deliberation." Even though the appellant has designated the single question at issue in this case, this Court will dispose of this exception.

The Trial Judge by his order in refusing the motion for a new trial states specifically that "the ground of the motion for a new trial is that the Court erred in admitting testimony as to the wealth of the plaintiff." The appeal is solely from the *order refusing the new trial* and must therefore be confined to matters with which that order was concerned. It was concerned only with the stated question. If the appellant conceived that there was error in the refusal of plaintiff's request such should have been included in the grounds for a new trial in the Court below, or there should have been an appeal from the verdict or judgment entered thereon.

In the case of *Wilson v. Southern R. Co.,* 123 S. C. 399, 115 S. E. 764, 766, this Court said:

"The only exceptions which impute error to the trial court in refusing the motion for a new trial (6 and 7) are

very properly predicated upon and confined to the grounds of that motion as made in the circuit court. *Crawford v. Rice & Hutchins Baltimore Co.,* 98 S. C. 121, 82 S. E. 273; *Mc-Clure v. Home Ins. Co.,* 111 S. C. 463, 98 S. E. 287."

Also in the case of *Gordon v. Rothberg,* 213 S. C. 492, 50 S. E. (2d) 202, 208, the Court said:

"The matters complained of were not included in the appellants' grounds on motion for a new trial made before the trial Judge, and he has not been given an opportunity of passing on same."

There is another reason why this Court cannot consider the question raised by Exception 2. This exception was not argued in Appellant's Brief and hence is considered abandoned.

In the case of *Echols v. Seaboard Air Line R. Co.,* 174 S. C. 537, 178 S. E. 139, the Court said:

"There are six exceptions on behalf of appellant. The issue involved is: 'Was the presiding Judge in error in holding that appellant should have sued the Receivers of the Seaboard Air Line Railway Company instead of the Seaboard Air Line Railway Company, and in directing a verdict for the respondent, which is the main question in this case?' This is the only question which appellant has argued in his printed brief. Therefore, under the rules and decisions of this court, all other exceptions are deemed abandoned. Supreme Court Rule 8, §§ 2 and 4; *Priester v. Priester,* 131 S. C. 284, 127 S. E. 18. This applies particularly to exceptions 2, 3, 4, and 5."

The third exception alleges that the Court erred in admitting testimony concerning plaintiff's financial status and in refusing to instruct the jury that plaintiff's financial status should in no way affect their decision on the merits of the case.

It is readily apparent that this exception is only a combination of the first two exceptions and these exceptions

separately have already been passed upon adversely to the contention of the appellant.

Under Rule 4, Section 6 of this Court, it is provided that:

"Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review, and the same assignment of error should not be repeated. Each exception must contain within itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge will not be considered. * * * "

Therefore, exception three violates the above Rule because the exception contains more than one proposition of law or assignment of error. *Honour v. Southern Public Utilities Co.,* 110 S. C. 163, 96 S. E. 250.

All of the exceptions of the appellant are overruled and the judgment of the Court below is affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.