17893

J. Thorbon CAUSEY and Ethel M. Causey, Respondents, v. SOUTH CAROLINA FARM BUREAU MUTUAL FIRE INSURANCE CO., a Corporation, Appellant.

(124 S. E. (2d) 777)

*Messrs. McCaskill & Thompson,* of Conway, *for Appellant,*

*Messrs. J. Reuben Long* and *H. T. Abbott,* of Conway, *for Respondents.*

April 3, 1962.

LEWIS, Justice.

The respondents' tobacco barn burned while being occupied for tobacco curing purposes and they recovered judgment against the appellant for loss of their barn under a fire insurance policy issued by the appellant to the respondents. Question arose in the trial as to the type building covered by the terms of the policy. While admitting that

the building covered by the policy was a tobacco curing barn and that such fact was known to appellant's agent at the time of the issuance of the policy, the appellant contended in the lower Court that the terms of the policy specifically excluded coverage while the building was being occupied for tobacco curing purposes. At the conclusion of all of the testimony the trial judge directed a verdict in favor of the respondents for the sum of $435.00, the amount of the policy coverage. This appeal is from the judgment so entered.

The exceptions of the appellant on appeal to this Court are as follows:

"(1) That the Court erred in refusing appellant's motion for nonsuit and motion for directed verdict.

"(2) That the Court erred in granting respondents' motion for directed verdict.

"(3) That the Court erred in considering testimony relating to understanding between the respondents and the agent of appellant concerning description and nature of the building in question other than that contained in the insurance policy itself since there was no evidence tending to prove that the respondents were persons of limited education and ability to read and understand the said policy."

Under the rules of this Court the appeal herein must be dismissed. The first two exceptions are too general to be considered. Rule 4, Section 6, Rules of the South Carolina Supreme Court; *Hewitt v. Reserve Life Insurance Company,* 235 S. C. 201, 110 S. E. (2d) 852. And the last exception is deemed abandoned because not set forth and argued in the appellant's brief as one of the questions involved. Rule 8, Section 2; *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15; *Shea v. Glens Falls Indemnity Co.,* 228 S. C. 173, 89 S. E. (2d) 221; *Echols v. Seaboard Air Line Ry. Co.,* 174 S. C. 537, 178 S. E. 139; *Priester v. Priester et al.,* 131 S. C. 284, 127 S. E. 18.

Appeal dismissed.

TAYLOR, C. J., Moss and BUSSEY, JJ., and LEGGE, Acting A. J., concur.